# In the United States Court of Federal Claims

No. 24-562
(Filed: May 28, 2025)
**NOT FOR PUBLICATION**

```
*****************************************
BRENT S. HORTON,                         *
                                         *
                Plaintiff,               *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                Defendant.               *
                                         *
*****************************************
```

## OPINION AND ORDER

Plaintiff Brent S. Horton, proceeding *pro se*, seeks military backpay and other ancillary relief related to an allegedly wrongful discharge from the U.S. Army. Am. Compl. (ECF 11). The government moved for dismissal under RCFC 12(b)(6) or, in the alternative, for judgment on the administrative record. Def.'s Mot. to Dismiss (ECF 14). Plaintiff's response included a cross-motion for summary judgment. Pl.'s Resp. (ECF 16). The government filed a reply. *See* Def.'s Reply (ECF 19). This matter is now fully briefed and ripe for decision. Defendant's motion for judgment on the administrative record (ECF 14) is **GRANTED**. Defendant's motions to dismiss the original complaint (ECF 9) and the amended complaint (ECF 14) are **DENIED AS MOOT**. Plaintiff's motion for summary judgment (ECF 16) is **DENIED**.

## BACKGROUND

Members of the military who face involuntary separation under potentially adverse circumstances are entitled to due process. *Weaver v. United States*, 46 Fed. Cl. 69, 77, 79 (2000). Enlisted soldiers facing separation for misconduct for which an Under Other Than Honorable Conditions characterization is authorized are entitled to an Administrative Separation Board. *See* Army Reg. 635-200, Ch. 14-13 (2016); *see also* Latisha Irwin, *Justice in Enlisted Administrative Separations*, 225 Mil. L. Rev. 35, 52 (2017) (citing The Judge Advocate Gen.'s Legal Ctr. & Sch., U.S. Army, Commander's Legal Handbook 177 (2015)). Officers facing an Under Other Than Honorable Conditions discharge undergo a similar administrative separation process, called a Board of Inquiry. *See* Army Reg. 600-8-24, Chs. 4-18, 4-19(e), (g) (2020).

Boards of Inquiry and Administrative Separation Boards are composed of members of the military appointed by the commander who convenes the board to consider a given separation. Army Reg. 635-200, Ch. 2-7; Army Reg. 600-8-24, Chs. 4-6, 4-7. The conduct of Administrative Separation Boards is governed by Army Reg. 635-200.

At an Administrative Separation Board, board members must consider three questions: (1) whether the preponderance of the evidence supports the charges; (2) if so, whether the charges merit separation; and (3) if the board determines that separation is merited, what characterization of service a soldier should receive upon discharge. Army Reg. 635-200, Ch. 2-12. Soldiers who are being separated by a board are guaranteed a range of rights including notice of the charges against them, Army Reg. 635-200, Ch. 2-4, the right to representation by counsel, *id.*, the right to present witnesses and other evidence, Army Reg. 635-200, Ch. 2-10, the right to make a sworn or unsworn statement, *id.*, and the right to remain silent, *id.*

Plaintiff was separated from active duty with the U.S. Army by an Administrative Separation Board. Am. Compl. at 3; AR 10. The Board was presented with evidence of the following events.

In 2016, Plaintiff was arrested for breaking into his stepdaughter's apartment. AR 41. The following police investigation involved numerous allegations against Plaintiff, some of which led to state criminal charges. *See* AR 41, 264–366. Ultimately, the Army moved to separate Plaintiff based on two specifications of Conviction by Civil Court, three specifications of Commission of a Serious Offense ("COSO") (assault), and one specification of COSO (stalking). AR 10; Army Reg. 635-200, Ch. 14-5 (Conviction by Civil Court), Ch. 14-12(c) (Commission of a Serious Offense). All allegations against Plaintiff related to domestic incidents involving his wife, stepdaughter, and stepson, except one assault allegation tied to a 2014 incident in which Plaintiff improperly discharged a paintball gun at two fellow soldiers during training. AR 10.

Plaintiff, who was represented by counsel before the Board, presented evidence and elected not to testify. AR 12–39. The Board found that the preponderance of the evidence supported both Conviction by Civil Court specifications, two out of the three COSO (assault) specifications, and the COSO (stalking) specification. AR 10, 38–39. The Board found that the evidence did not support one COSO (assault) specification. *Id.* The Board recommended Plaintiff for separation with an Under Other Than Honorable Conditions characterization of service. AR 11, 39. Plaintiff was ultimately separated for the COSO charges only and received an Under Other Than Honorable Conditions discharge. AR 1–2. Plaintiff now challenges the Board's decision, arguing that he was wrongfully discharged and is entitled to backpay. Am. Compl. at 9–10.

Claims for backpay based on alleged wrongful discharges are monetary claims against the United States within this Court's jurisdiction. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003); *see also Rana v. United States*, 664 F. App'x 943, 947 (Fed. Cir. 2016). When resolving motions for judgment on the administrative record under RCFC 52.1(c), this Court proceeds "as if it were conducting a trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1354 (Fed. Cir. 2005); *see also Young v. United States*, 497 F. App'x 53, 58–59 (Fed. Cir. 2012).

A military discharge decision will be set aside if "a plaintiff demonstrates that the action was 'arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law.'" *Sullivan v. United States*, No. 18-1862C, 2022 WL 1184045, *13 (2022) (quoting *Sharpe v. United States*, 935 F. 3d 1352, 1358 (Fed. Cir. 2019)); *see also Dougharty v. United States*, 27 Fed. Cl. 436, 439, *aff'd*, 11 F.3d 1073 (Fed. Cir. 1993). This Court cannot substitute its judgment for that of the separation board when reasonable minds could reach differing conclusions. *Dougharty*, 27 Fed. Cl. at 439 (citing *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983); *Sanders v. United States*, 219 Cl. Ct. 285, 301 (1979); and *Frecht v. United States*, 25 Cl. Ct. 121, 128 (1992)). To refute the separation board's determination, a plaintiff's evidence must be "cogent and clearly convincing." *Dougharty*, 27 Fed. Cl. at 439 (citing *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986); *Heisig*, 719 F.2d at 1156; *Sanders*, 219 Cl. Ct. at 298; *Dorl v. United States*, 200 Cl. Ct. 626, 633 (1973); and *Wyatt v. United States*, 23 Cl. Ct. 314, 318–19 (1993)).

## DISCUSSION

Plaintiff raises three main groupings of arguments against the Board's separation decision, but none succeeds.

First, Plaintiff argues that the decision was not based on substantial evidence. Am. Compl. at 5. In particular, he claims that the Board failed to consider that his wife had a motive to fabricate charges against him — specifically, that she would be entitled to certain benefits as a victim of domestic violence. *Id.* at 4–5; AR 24; *see* Army Reg. 608-1, App'x H, Ch. H-1(2) (2017). But the record shows that the Board was aware of Plaintiff's wife's incentives, *see* AR 24, and credited her testimony anyway. AR 10. Plaintiff's wife and stepdaughter both testified about Plaintiff's alleged misconduct under oath, *see* AR 13–27 (testimony of Plaintiff's wife), AR 27–30 (testimony of Plaintiff's stepdaughter), and Plaintiff has not pointed to any evidence contradicting their testimony. *See* Am. Compl.; Pl.'s Resp. at 10–11; *see also Dougharty*, 27 Fed. Cl. at 439. This Court may not reweigh the evidence and decide differently. *See Heisig*, 719 F.2d at 1157; *see also Sullivan*, No. 18-1862C, 2022 WL 1184045, *12–13 (quoting *Strand v. United States*, 951 F.3d 1347, 1351 (Fed. Cir.

2020)) (defining substantial evidence as "evidence that 'a reasonable mind might accept as adequate to support a conclusion'").

Plaintiff also asserts that if the military thought the preponderance of the evidence supported the charges he was discharged for, the Army should have court martialed him. Am. Compl. at 8–9. But the regulation Plaintiff cites only directs that commanders should not use administrative separation procedures "solely" to spare a member from a court martial where court martial is otherwise appropriate. Army Reg. 635-200, Ch. 14-2(c). It does not provide Plaintiff with an individual right to court martial. Plaintiff has offered no evidence to suggest that the military chose to process him for separation in order to spare him from court martial, and thus has not shown that the Army violated that regulation.

Similarly, Plaintiff complains that the Army separated him for assaults that were not charged under state law, Am. Compl. at 4–5, but whether the State chose to prosecute him for misconduct is not relevant to whether the Army felt there was sufficient basis to separate him, nor to whether the Board's decision was supported by substantial evidence. *See Glomski v. United States*, 174 Fed. Cl. 579, 582, 589 (2025) (affirming separation where civilian authorities had dropped charges prior to the military's administrative separation procedures).

Second, Plaintiff argues that his discharge was wrongful because his prior offenses were not valid bases for his separation. He claims that a COSO discharge can only be based on certain enumerated offenses, and that neither assault nor stalking is an enumerated offense. Am. Compl. at 5–7. However, the applicable 2016 version of Army Reg. 635-200 defines a COSO charge as "[c]ommission of a serious military or civil offense, if the specific circumstances of the offense warrant separation and a punitive discharge is, or would be, authorized for the same or a closely related offense under the [Manual for Court Martial ("MCM")]." Army Reg. 635-200, Ch. 14-12(c); *see Grant v. United States*, 162 Ct. Cl. 600, 609 (1963) ("Only a court-martial can impose a punitive discharge[.]"). The regulation includes certain examples of specific offenses that can constitute the basis for a COSO discharge, *see* Army Reg. 635-200, Ch. 14-12(c), but the elements of the offense merely require that the underlying behavior be a "serious military or civil offense" for which a punitive discharge "is, or would be, authorized" by court martial under the MCM. *Id.*

Both stalking and assault are offenses under the MCM, and the MCM authorizes a punitive discharge for both when charged at court martial. *See* MCM Part IV ¶¶ 54(e)(2), 54(e)(8)(a) (2016 ed.) (authorizing punitive discharge for violating Uniform Code of Military Justice ("UCMJ") Article 128 ("Assault")); MCM Part IV

¶ 45a(e) (authorizing punitive discharge for UCMJ Article 120a ("Stalking")). Thus, both charges could form the basis of Plaintiff's COSO discharge.

Plaintiff argues that one of his assault charges cannot have been "serious" misconduct subject to a COSO because it was previously the basis for an Article 15 punishment, a kind of discipline reserved for "minor" offenses. Am. Compl. at 7. A COSO, though, is defined only by whether the misconduct *could* lead to discharge if charged at court martial, not whether the commander referred it to court martial. Army Reg. 635-200, Ch. 14-12(c) (defining COSO as "[c]ommission of a serious military or civil offense, if the specific circumstances of the offense warrant separation and a punitive discharge *is, or would be, authorized* for the same or a closely related offense under the MCM") (emphasis added). Whether an offense is "minor" for the purposes of Article 15 punishment is highly discretionary and does not preclude separation for the same conduct under a COSO discharge. *See Meyer v. United States*, 127 Fed. Cl. 372, 385 (2016).

Relatedly, Plaintiff claims that the record of his Article 15 punishment should have been destroyed before the Board was convened and could not have served as an evidentiary basis for COSO. Am. Compl. at 7. Plaintiff does not appear to have raised that evidentiary argument before the Board, AR 12–39, so it is forfeited. *Exnicios v. United States*, 140 Fed. Cl. 339, 367 (2018) (citing *Snakenberg v. United States*, 15 Cl. Ct. 809, 813 (1988); and *Waller v. United States*, 198 Ct. Cl. 908, 914 (1972)). Further, whether the record should have been destroyed is irrelevant to whether the Plaintiff was properly discharged: The Article 15 punishment was not the basis for his separation, the underlying assault was. *See* AR 10 (describing Plaintiff's COSO charge as an assault, not a record of the administrative discipline for that assault). The record of investigation into the assault was also presented to the Board, and constituted sufficient evidence that the assault occurred. *See* AR 372–519.

Third, Plaintiff argues that his separation physical did not comply with all applicable regulations. To begin with, it does not appear that the regulation he cites, Army Reg. 635-200, Ch. 1-32, in fact entitles him to a physical. That regulation directs that individuals who are entitled to a physical under 10 U.S.C. § 1145, which mandates physical examinations for service members who are eligible to receive Transitional Assistance Management Program ("TAMP") benefits, must receive a physical. Service members who are involuntarily separated are eligible to receive TAMP benefits, *see* 10 U.S.C. § 1145, but "involuntary separation" as defined by the relevant statute excludes those separated under "adverse conditions." 10 U.S.C. § 1141. An Under Other Than Honorable Conditions discharge is adverse. Army Reg. 635-200, Ch. 3-7(h)(2); *Ruffin v. United States*, 509 F. App'x 978, 981 (Fed. Cir. 2013) (affirming that an Under Other Than Honorable Conditions separation is adverse for

- 5 -

purposes of 10 U.S.C. § 1141), *aff'g* No. 12-101C, 2012 WL 4450979, *12 (Fed. Cl. Sept. 25, 2012). Thus, Plaintiff is not in the category of individuals whom 10 U.S.C. § 1145 entitles to a separation physical.

To the extent Plaintiff claims that concerns with his physical mean he was wrongfully discharged, *see* Am. Compl. at 8, the argument fails. The point of a separation physical is to determine whether separating individuals should be referred for disability evaluation, not to determine whether they will be separated or retained. *See* Army Reg. 40-501, Ch. 3. Errors in a physical would not halt the separation process, nor does Army Reg. 40-501 claim the authority to halt that process. *See id.*; *see also Exnicios*, 140 Fed. Cl. at 374 ("Although the Army is bound by its own regulations, strict compliance with procedural requirements is not required where the error is deemed harmless.") (citing *Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004)); *Milas v. United States*, 42 Fed. Cl. 704, 712 ("Mere technical procedural error is insufficient to warrant reversing the agency's administrative decision."), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999).

Errors in the separation physical process might affect Plaintiff's evaluation for disability status, *i.e.*, for medical retirement or separation. But medical disability claims do not accrue until the first competent board has either rejected a service member's request for a hearing or decided the matter. *Chambers v. United States*, 417 F.3d 1218, 1224–25 (Fed. Cir. 2005) (quoting *Furlong v. United States*, 138 Ct. Cl. 843, 845–46 (1957)); *Childers v. United States*, 81 Fed. Cl. 693, 707 (2008). Administrative Separation Boards are charged with making certain findings, but not medical or disability determinations. Army Reg. 635-200, Ch. 2-12. For medical retirement, the authorized boards are Physical Evaluation Boards and the boards for correction of military records. *See Quesada v. United States*, 136 Fed. Cl. 635, 643 (2018) (citing *Chambers*, 417 F.3d at 1225 & n.2) ("Statutorily authorized military boards whose decisions can trigger the running of the six-year limitations period include [Physical Evaluation Boards] and the [Army Board for Correction of Military Records]."); *see also Friedman v. United States*, 159 Ct. Cl. 1, 17 (1962) ("Where there is no Retiring Board, the claim accrues on action of the Correction Board."). Plaintiff does not claim that he had a Physical Evaluation Board or sought medical retirement from a correction board. Any claims for medical retirement are therefore premature.

## CONCLUSION

Defendant's motion for judgment on the administrative record (ECF 14) is **GRANTED**. Defendant's motions to dismiss the original complaint (ECF 9) and amended complaint (ECF 14) are **DENIED AS MOOT**. Plaintiff's motion for summary judgment (ECF 16) is **DENIED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge